◼ In the Matter of the Estate of NELSON DOUBLEDAY, Deceased. NELTJE D. KINGS, Appellant; ELLEN M. DOUBLEDAY et al., Respondents.—In a proceeding by the testator's wife, who under the will is the income beneficiary of a marital deduction trust of half of the remainder of the estate, *inter alia,* for appointment of Nelson Doubleday, the son of petitioner and the testator, as successor trustee of said trust, Neltje Doubleday Kings, the daughter of petitioner and the testator, who is a contingent remainderman of said trust, appeals, as limited by her notices of appeal and brief, from so much of two decrees of the Surrogate's Court, Nassau County, dated January 16, 1974 and February 5, 1974, respectively, as appointed said Nelson

Doubleday as such successor trustee. Appeal from decree dated January 16, 1974 dismissed as academic. This decree was amended and superseded by the decree dated February 5, 1974. Decree dated February 5, 1974 affirmed insofar as appealed from. Separate bills of costs are awarded to (1) Ellen McCarter Doubleday, (2) Nelson Doubleday and Bruce A. Hecker and (3) Francis B. Froehlich, guardian ad litem, payable out of the marital deduction trust created by article Fifth of the will. The record discloses that son Nelson Doubleday has very successfully, ably and honestly been administering 14 *inter vivos* trusts, as trustee and cotrustee, all without taking commissions, which trusts had been created by the testator and by petitioner for the benefit of appellant, for respondent Nelson Doubleday and for other members of their family; and further that appellant had obtained tremendous financial benefits from these trusts and her stockholdings in Doubleday and Company, Inc., in which corporation her brother, respondent Nelson Doubleday, has been an officer and director and in which the testator during his lifetime was an officer and director, which benefits were also secured by the other stockholders of Doubleday and Company, Inc. The reasons stated by the Surrogate in his decision and opinion appointing respondent Nelson Doubleday as the successor trustee of the trust here in question are sufficient to justify the appointment. Moreover, we point out that petitioner was authorized by the power of appointment granted to her in article Fifth of the will to appoint her son as the trustee of the remainder of this trust. Inasmuch as this said trust is a trust qualifying for the estate tax marital deduction, petitioner has been virtually the owner of the property therein (cf. Internal Revenue Code of 1954 [U. S. Code, tit 26, § 2056, subd (b), par (5)]; *Northeastern Nat. Bank v United States,* 387 US 213, 215; *Willson v United States,* 343 F2d 929, 935). As of the dates of the making of the decrees under review the only contested issue as to the matter of appointing successor trustees was with respect only to petitioner's marital deduction trust. Latham, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.